**Elvis Dean ROBERTS, Plaintiff–
Appellant,**

v.

**Tommy L. NORWOOD; Joseph
Eastridge; Mary J. Robertson,
Defendants–Appellees.**

No. 15–10374
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Date Filed: 10/04/2016

Elvis Dean Roberts, Iowa Park, TX, Pro
Se.

Kevin Moczygemba, Kimberly L. Kauff-
man, Assistant Attorney General, Jerry
Stephen Bergman, Assistant Attorney
General, Austin, TX.

Before JOLLY, SMITH, and GRAVES,
Circuit Judges.

PER CURIAM: *

Elvis Roberts, Texas prisoner
# 1289838, filed a civil rights complaint
asserting that four prison officials[1] had
acted with deliberate indifference to his
serious medical needs by discontinuing his
medical footwear. The district court deter-
mined that the complaint was time-barred
and dismissed it as frivolous under 28
U.S.C. § 1915(e)(2)(B)(i).

Roberts contends that the district court
erred in failing to appoint counsel, and he
asserts that counsel should be appointed to
represent him on appeal and to apply for
or oppose a certiorari petition. Roberts has
not shown that the district court abused its
discretion or that exceptional circum-
stances are present for appointment of
counsel. *See Cupit v. Jones*, 835 F.2d 82,
86 (5th Cir. 1987); *Ulmer v. Chancellor*,
691 F.2d 209, 213 (5th Cir. 1982). The
motion for appointment of counsel is DE-
NIED.

Roberts complains that he has been or
will be denied access to the courts because
of the denial of his motions for appoint-
ment of counsel, the unavailability of a
substitute inmate legal assistant, and the
inadequacy of the prison law library. Rob-
erts does not assert, and the record does
not reflect, that he has been precluded
from filing any pleadings or other docu-
ments with the court because he was not
appointed counsel or because the library is
inadequate. *See Lewis v. Casey*, 518 U.S.
343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606
(1996).

Roberts asserts that the magistrate
judge ("MJ") exceeded his authority and
was unfairly biased. Roberts has not
shown that the MJ exceeded the authority
delegated to him by the district court un-
der 28 U.S.C. § 636(b). Nor has he shown
that the MJ was unfairly biased. *See Li-
teky v. United States*, 510 U.S. 540, 555,
114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)
(holding that judicial rulings will support a
claim of bias only if they reveal an opinion
based on an extrajudicial source or demon-
strate such a high degree of antagonism as
to make fair judgment impossible).

---

1. Defendant Jerry Revell was voluntarily dis-
missed. The remaining defendants were Tom-
my Norwood, medical administrator, Allred
Unit; Joseph Eastridge, nurse practitioner;
and Mary Robertson, laundry manager.

With respect to the ruling that the action is time-barred, Roberts claims that the district court erred in applying the two-year limitations period applicable to tort claims in Texas. He posits that the four-year period under 28 U.S.C. § 1658 applies. That contention is without merit. *See King–White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758–60 and n.3 (5th Cir. 2015). Although Roberts maintains that the limitations period was tolled, he did not present that theory in the district court, so it is waived. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Roberts therefore has not shown that the district court abused its discretion in dismissing the complaint as frivolous, *see Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999), so the appeal is likewise DISMISSED as frivolous, *see* 5TH CIR. R. 42.2. Roberts is WARNED that this court's dismissal of his appeal and the district court's dismissal of his complaint as frivolous count as strikes under 28 U.S.C. § 1915(g) and that, if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury. *See Coleman v. Tollefson*, — U.S. —, 135 S.Ct. 1759, 1763–64, 191 L.Ed.2d 803 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir. 1996).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.